UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN A. DEEP,

                              Plaintiff,

   -v.-                                               1:07-CV-00819 (LEK)

PHILIP J. DANAHER, *Chapter 7 Trustee*
*of Buddy USA, Inc.*, PAUL LEVINE,                   Chapter 7
*Chapter 7 Trustee of AbovePeer, Inc.*,             Case No. 02-11755
GEORGE F. CARPINELLO, *and*
ADAM SHAW,

                              Defendants.

**MEMORANDUM-DECISION AND ORDER[1]**

On August 10, 2007, Plaintiff John A. Deep filed the instant appeal of an order entered in the above-captioned Chapter 7 case by the Honorable Robert E. Littlefield, Jr., U.S. Bankruptcy Judge, on July 2, 2007. See Notice of Appeal (Dkt. No. 1, Attach. 1); Bankruptcy Order (Dkt. No. 1, Attach. 2). At issue in this appeal is whether the bankruptcy judge abused his discretion by acting pursuant to 11 U.S.C. § 105 to enjoin Plaintiff from filing further pleadings in the bankruptcy court without obtaining prior leave of the bankruptcy court. Bankruptcy Order (Dkt. No. 1, Attach. 2). For the reasons stated below, the Court finds that Bankruptcy Judge Littlefield did not abuse his discretion. Accordingly, the bankruptcy order is affirmed.

**I. BACKGROUND**

This bankruptcy case is well-known to this Court and the bankruptcy court. Plaintiff filed

---

[1] For printed publication by the Federal Reporters.

1

this bankruptcy case on March 19, 2002.[2]  Record on Appeal (Dkt. No. 2, Attach. 10).  This Court has already heard several appeals arising out of this bankruptcy case and related bankruptcy cases, and Plaintiff has filed additional appeals in other district courts.  See, e.g., Case Nos. 1:03-cv-00020; 1:03-cv-00021; 1:03-cv-00022.  The order Plaintiff challenges in this appeal was issued after Defendants moved for sanctions in response to Plaintiff's bankruptcy motion on June 6, 2007.  See Bankruptcy Order at 1 (Dkt. No. 1, Attach. 2).

On May 4, 2007, the bankruptcy court granted a joint motion by Trustees and AbovePeer, Inc., a related bankrupt entity, to sell assets pursuant to 11 U.S.C. § 363.  See Def.'s Br. at 3 (Dkt. No. 18).  The assets were sold on May 14, 2007.  Id.  On June 6, 2007, Plaintiff moved to stay the sale of the assets pending appeal.  Id.  On June 21, 2007, Defendants filed a response in opposition to the motion to stay, and also filed a motion for sanctions.  Id.  On June 26 and 27, 2007, Plaintiff replied in support of the motion to stay and in opposition to the motion for sanctions.  Id.  On June 27, 2007, Bankruptcy Judge Littlefield held a hearing on the motion to stay and motion for sanctions.  Id.  Plaintiff appeared at the hearing.  Tr. at 1 (Dkt. No. 3).  Subsequently, on July 2, 2007, the bankruptcy court denied the motion to stay and issued a second order providing that it is

> Ordered, that John A. Deep and any person acting on behalf of or in concert with him are enjoined from filing further pleadings in this court without first obtaining prior leave of the court; and it is further
>
> Ordered, that the Clerk of the Court is directed to refuse to receive, file, or docket, without a prior order of this court, any such paper submitted by or on behalf of John A. Deep, except for a timely notice of appeal from this order or the order denying Mr. Deep's motion for a stay pending appeal of the court's May 4, 2007 order.

Bankruptcy Order at 2-3 (Dkt. No. 1, Attach. 2).

---

[2] Originally filed in Chapter 11, the case was converted to Chapter 7 on February 14, 2003.  Id.

Plaintiff filed a Notice of appeal from the excerpted July 2, 2007 order in this Court on July 10, 2007.  Dkt. No. 1.  On September 25, 2007, Plaintiff filed a Motion to consolidate the instant appeal with case number 1:07-cv-649, another appeal Plaintiff filed in this Court.  See Letter Motion (Dkt. No. 9).  Defendants opposed the Motion.  See Def. Mem. of Law (Dkt. No. 7).  On November 11, 2007, Defendant Adam Shaw filed a Motion to dismiss the appeal.  See Letter Motion (Dkt. No. 11).  The Court denied both of these Motions in an Order on June 3, 2008.  See Order (Dkt. No. 16).  The parties subsequently filed briefs, and the case is now ripe for a decision.

## II.  STANDARD OF REVIEW

Bankruptcy Rule 8013 provides, *inter alia*, that a bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous."  Fed. R. Bankr. P. 8013; see R.M. 18 Corp. v. Aztex Assocs., L.P (In re Malease 14FK Corp.), 351 B.R. 34, 40 (E.D.N.Y. 2006).  A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. Mitchell, 966 F.2d 92, 98 (2d Cir. 1992).  A bankruptcy court's conclusions of law are subject to de novo review.  Capital Communications Fed. Credit Union v. Boodrow, 126 F.3d 43, 47 (2d Cir. 1997).  Mixed questions of law and fact are also subject to de novo review.  Id.

Matters left to the discretion of the bankruptcy court are reviewed for abuse of discretion.  Id.  Since 11 U.S.C. § 105(a) grants broad discretionary powers to bankruptcy courts, a decision to enjoin made pursuant to this section is reviewed  for abuse of discretion.  An abuse of discretion occurs when a court's "decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or [] its decision–though not necessarily the product of a legal error or a clearly erroneous factual finding–cannot be located within the range of

3

permissible decisions." Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir. 2001).

## III.  DISCUSSION

### A.  Bankruptcy Court's Equitable Powers

Bankruptcy Judge Littlefield issued the order enjoining Plaintiff from filing without leave pursuant to the authority vested in him by 11 U.S.C. § 105(a).  Bankruptcy Order at 2 (Dkt. No. 1, Attach. 2).  Under § 105(a), a bankruptcy court

> may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce of implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).  This section grants broad equitable powers to bankruptcy courts, though the powers must be exercised in accordance with the Bankruptcy Code.  See, e.g., In re Pan Am Corp., 162 B.R. 667, 671 (2d Cir. 1993); In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86, 91-92 (2d Cir. 2003).

Bankruptcy Judge Littlefield articulated several reasons for enjoining Plaintiff from filing additional pleadings without prior authorization.  See Bankruptcy Order at 2 (Dkt. No. 1, Attach. 2).  Among the reasons cited are that the Court had provided two prior warnings to Plaintiff that he would be sanctioned and "Mr. Deep's abuse of judicial process in this court."  Id.  A review of the bankruptcy docket makes it abundantly clear that such a characterization of Plaintiff's conduct is accurate.  Clearly, it is "in accordance with the Bankruptcy Code" to issue an injunction that enables the bankruptcy court's orders to be meaningful, rather than continually thwarted by frivolous filings aimed at preventing the implementation of the bankruptcy court's orders and harassing litigants.  See 11 U.S.C. § 105.

Furthermore, the bankruptcy court's order is not impermissibly vague, as Plaintiff claims. See Pl. Br. at 1-3. The statement that Plaintiff may not file without "obtaining prior leave in this court" makes clear the recourse available to Plaintiff should he wish to pursue future filings in the bankruptcy court. See *supra*. The bankruptcy judge also explicitly specified exceptions to the injunction, allowing Plaintiff to file a notice of appeal from each of the July 2, 2007 orders. See *supra*. Also, given the record in this and other cases, Plaintiff is quite familiar with the process available to him once he has been enjoined from filing additional papers. Accordingly, the bankruptcy judge's order is an allowable exercise of discretion provided by § 105(a).

**B. Notice and Opportunity to be Heard**

A court must give a party notice and an opportunity to be heard prior to enjoining an attorney from filing further papers. See, e.g., Matter of Hartford Textile Corp., 613 F.2d 388 (2d Cir. 1979). Despite Plaintiff's claim to the contrary, he was provided with ample notice and an opportunity to be heard before the bankruptcy court entered this order. He admits that he was served with Defendants' motion for sanctions before the June 27, 2007 hearing; he filed a response to the motion; and he appeared at the hearing. Furthermore, as Bankruptcy Judge Littlefield stated in the July 2, 2007 order, he had explicitly warned Plaintiff "on two prior occasions that he would be sanctioned if he continued his frivolous filings." Bankruptcy Order at 2 (Dkt. No. 1, Attach. 2).

Additionally, the Court finds the bankruptcy judge's order appropriate because the allegation that Defendants committed fraud, which was the basis of Plaintiff's motion that led Defendants to request sanctions, had been heard exhaustively before the bankruptcy court as well as in this Court and in the U.S. District Court for the District of Maine, U.S. District Court for the Western District of Kentucky, and Supreme Court for the State of New York, County of Albany. See Def. Br. at 6

(Dkt. No. 18). All of these federal cases have been dismissed. It is evident that the bankruptcy court acted well within the discretion provided by 11 U.S.C. § 105(a) when enjoining Plaintiff from filing future pleadings in the bankruptcy court without obtaining prior leave.

### IV.  CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that the July 2, 2007 Order of the bankruptcy court (Dkt. No. 1) is **AFFIRMED** and the case is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:      August 18, 2008
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge